JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patrick McHugh | Amazon.com Services, LLC; Amazon.com Services, Inc.; Amazon.com DEDC, LLC |
| **(b)** County of Residence of First Listed Plaintiff   Camden County<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   King County, WA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** ~~At~~torneys *(Firm Name, Address, and Telephone Number)*<br>Daniel S. Orlow, Esq.; Console Mattiacci Law, LLC<br>110 Marter Ave., Suite 502; Moorestown, NJ 08057 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>   Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>   (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>   Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ☒ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| | | | **IMMIGRATION** | | |
| | | | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000(e) et seq. 42 U.S.C. § 1981 et seq.; N.J.S.A. 10:5-1, et seq.

Brief description of cause:  Plaintiff was discriminated against because of his race and national origin and subjected to retaliation for raising complaints of race, national origin, and sex discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
07/27/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

_____

|   |   |
|---|---|
| **PATRICK McHUGH** | : **CIVIL ACTION NO. _____** |
| **Pennsauken, NJ** | : |
|   | : |
| **Plaintiff,** | : |
|   | : |
| **v.** | : |
|   | : |
| **AMAZON.COM SERVICES, LLC;** | : **JURY TRIAL DEMANDED** |
|   | : |
| **AMAZON.COM SERVICES, INC.** | : |
|   | : |
| **AMAZON.COM DEDC, LLC** | : |
|   | : |
| **Defendants** | : |

_____ :

**CIVIL ACTION COMPLAINT**

**I.     INTRODUCTION**

Plaintiff, Patrick McHugh, brings this action against his former employers (collectively "Amazon") as a result of being subjected to unlawful discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 US.C. § 1981 *et seq.* ("Section 1981"); and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("LAD").

Despite possessing objectively superior qualifications for a senior regional management position, Plaintiff was denied a promotion to the same because of his race (Caucasian) and his national origin (American). Shortly thereafter, Plaintiff complained of Defendants' discriminatory treatment of a female employee on the basis of her sex. In retaliation for having raised internal complaints of sex discrimination, Defendants placed Plaintiff on progressive discipline despite his track record of success and exceptional performance. Then, when Plaintiff objected to Defendants'

retaliatory use of progressive discipline and its discriminatory failure to promote him to Senior Regional Manager, Defendants engaged in even further retaliation by administering the progressive discipline with consistent misdirection and dishonesty, placing him under great emotional distress and causing him to resign in August of 2021.

Plaintiff seeks all damages allowable under law, including back-pay, front-pay, compensatory, liquidated, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II.   <u>PARTIES</u>

1.   Plaintiff, Patrick McHugh, is an individual residing in Pennsauken, NJ and is a citizen of the State of New Jersey.

2.   Defendant Amazon.com Services, LLC is organized under the laws of Delaware and maintains a principal place of business at 410 Terry Avenue N., Seattle, WA.

3.   Defendant Amazon.com Services, Inc. is organized under the laws of Delaware and maintains a principal place of business at 410 Terry Avenue N., Seattle, WA.

4.   Defendant Amazon.com Dedc, LLC is organized under the laws of Delaware and maintains a principal place of business at 1 Centerpoint Boulevard, Newark, WA.

5.   The operations of Defendants are substantively integrated and consolidated. Without limitation, and by way of example:

   a.   Defendants share common leadership;

   b.   Defendants collectively and individually do business under the trade name "Amazon" and/or "Amazon.com";

   c.   Defendants share a common logo and other marketing-related materials;

d.      Defendants issue press releases and other marketing-related materials that refer to them as part of a single enterprise, referred to as "Amazon" and/or "Amazon.com."

6.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the State of New Jersey.

7.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8.      At all times material hereto, Defendants acted as an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

## III.    JURISDICTION AND VENUE

10.     The causes of action set forth in this Complaint arise under Title VII, Section 1981, and the LAD.

11.     The District Court has subject-matter jurisdiction over Count I (Title VII) and Count II (Section 1981) pursuant to 28 U.S.C. § 1331.

12.     The District Court has supplemental jurisdiction over Count III (LAD) pursuant to 28 U.S.C. § 1367.

13.     The District Court has jurisdiction over all Counts pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000.

14.     Venue is proper under 28 U.S.C. § 1391(b).

15.     On or about April 21, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     On or about May 6, 2022, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue for Plaintiff's EEOC Charge.  Attached hereto and marked as Exhibit "B" is a true and correct copy of that Notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff was hired by Defendants on or about September 9, 2013 as an Area Manager.

19.     Plaintiff demonstrated dedication to Defendants and exceptional performance of his job duties.

20.     Plaintiff received multiple promotions, positive performance reviews, annual pay increases, and merit-based bonuses.

21.     Plaintiff's race is Caucasian.

22.     Plaintiff was born in the United States and his national origin is American.

23.     In or about June 2015 Plaintiff was promoted to Operations Manager based on his performance and qualifications.

24.     In or about June 2016 Plaintiff was promoted to Senior Operations Manager based

on his performance and qualifications.

25.     In or about September 2017 Plaintiff was recruited to oversee an "Amazon Fresh" fulfillment center, again based on his performance and qualifications.

26.     In or about September 2019, Plaintiff transferred to the role of Senior Manager of Program Management for Launch Operations.

27.     As Senior Manager of Program Management for Launch Operations, Plaintiff led a team responsible for the deployment of new delivery stations, including delivery stations located throughout the State of New Jersey.

28.     During times when he was not travelling to regional sites preparing for launch, Plaintiff worked out of a home office in Pennsauken, New Jersey.

29.     Upon his transfer to Senior Manager of Program Management for Launch Operations, Plaintiff reported to Karthik Gangiredla, Director.

30.     Gangiredla's race is Indian.

31.     Gangiredla was born in India and his national origin is Indian.

32.     Gangiredla reported to Bimal Patel, Director.

33.     Patel's race is Indian.

34.     In or about November 2019, Defendants hired Naveed Syed into the "AMZL Launch Organization" via an internal transfer.

35.     Syed's race is Indian.

36.     Syed was born in India and his national origin is Indian.

37.     Plaintiff was told that Syed would be assigned to report to him upon his transfer into the AMZL Launch Organization.

38.     In the Spring of 2020 Plaintiff began reporting directly to Patrick Goodwin.

39.    Shortly after Plaintiff began reporting to Goodwin, Defendants re-organized various aspects of its executions teams and created multiple new positions with the title Senior Regional Manager.

40.    On or about June 16, 2020, in a meeting with Gangiredla, Plaintiff expressed interest in the newly created Senior Regional Manager position for the Northeast Region.

41.    Goodwin informed Plaintiff that he supported him being promoted to Senior Regional Manager.

42.    On or about September 17, 2020, Defendants failed to promote Plaintiff to Senior Regional Manager.

43.    Instead of promoting Plaintiff, Defendants promoted Syed, effective October 1, 2020.

44.    Gangiredla and Patel made the decision to promote Syed to the Senior Regional Manager position instead of Plaintiff.

45.    Defendants told Plaintiff that Syed was the preferable candidate for the position.

46.    Gangiredla and Patel have demonstrated a bias in favor of Indian employees with respect to promotional opportunities within their respective organizations.

47.    Plaintiff was more qualified for the Senior Regional Manager position than Syed.

48.    By way of example, and without limitation, as of September 17, 2020:

   a.    Plaintiff had more years of service at Defendants.

   b.    Plaintiff had more years of services at his management level (L7).

   c.    Plaintiff had launched more buildings.

   d.    Plaintiff had more leadership experience.

   e.    Plaintiff had more team members recruited.

f.     Plaintiff had more direct reports.

g.     Plaintiff had less team attrition.

h.     Plaintiff had more program-wide initiatives.

49.     Subsequent to Syed's promotion to Senior Regional Manager, Goodwin informed Plaintiff that he believed Plaintiff should have been promoted instead of Syed.

50.     Following Syed's promotion to Senior Regional Manager, Gangiredla ignored Plaintiff, substantially limited his communication with him, excluded him from communications related to his job duties, and repeatedly moved or cut short scheduled one-on-one meetings with him.

51.     On or about September 20, 2020, Plaintiff asked Patel why he had not been promoted to Senior Regional Manager.

52.     Patel stated that he would "look into it" and get back to Plaintiff.

53.     Plaintiff received no response to his inquiry regarding Defendants' failure to promote him to Senior Regional Manager.

54.     On or about September 28, 2020, Syed told Plaintiff that he was surprised to have been promoted to the Senior Regional Manager position.

55.     Syed told Plaintiff that he had anticipated reporting to Plaintiff and that he assumed Plaintiff would have been selected as leader for the Northeast Region under the new alignment.

56.     On October 1, 2020, Plaintiff began reporting to Syed.

57.     Following the effective date of Syed's promotion, Syed was assigned a portion of Plaintiff's job duties and direct reports.

58.     As a result, Plaintiff's direct reports were reduced from fourteen (14) to four (4).

59.     On or about January 13, 2021, Gangiredla unjustly criticized Plaintiff's direct

report, Kathryn Budd (female) and blamed her for the performance failures of a male co-worker.

60.     Based on his first-hand knowledge of Budd's performance, Plaintiff explained to Gangiredla that Budd did not deserve negative criticism or a negative annual performance review.

61.     On or about January 14, 2021, Syed told Plaintiff that Budd was being given a "Least Effective" performance rating.  As he had with Gangiredla, Plaintiff explained to Syed that Budd did not deserve a negative performance review.

62.     On or about January 19, 2021, in a phone call with Syed, Plaintiff complained of sex discrimination in connection with Defendants' treatment of Budd (female).

63.     Plaintiff complained to Syed that Defendants were unjustly issuing Budd a "Least Effective" performance rating and blaming her for the performance failures of a male co-worker.

64.     Plaintiff was told to place Budd on a Coaching Plan.

65.     On or about February 3, 2021, in a phone call with Budd, Plaintiff told Budd, as he was instructed to, that her performance did not meet expectations for the prior year and, subject to approval by Human Resources, she would be placed on a Coaching Plan.

66.     After Plaintiff informed Budd that she would be issued a Coaching Plan, Syed unjustly criticized Plaintiff's performance, and told Plaintiff that his performance had not met expectations for 2020.

67.     Syed made numerous false statements and misrepresentations of fact in his feedback to Plaintiff.

68.     When Plaintiff asked for specifics, Syed was unable to provide any.  Syed stated that he would have to speak with Gangiredla for details.

69.     Before Plaintiff complained of sex discrimination, Plaintiff had not received any indication that Defendants supposedly found his performance to be deficient.

70.     On or about February 5, 2021, Plaintiff asked Goodwin if he had not met expectations in 2020 while reporting to him.

71.     Goodwin was adamant that Plaintiff had in fact met expectations, and that Plaintiff had not failed to perform.

72.     On or about February 18 and 23, 2021, Plaintiff informed Jessica Duenas (human resources) that he did not understand how he went from a promotional track to not meeting expectations in a matter of months, and that he had received no negative feedback throughout the previous year.

73.     Plaintiff informed Duenas that, despite his requests, he had not received any specifics regarding his alleged performance deficiencies, and that Syed had made numerous false statements and misrepresentations of fact in his generalized feedback.

74.     In response, Duenas asked Plaintiff to be patient with Syed because he was "trying hard."

75.     On or about March 2, 2021, Gangiredla criticized Plaintiff for requesting specific feedback regarding his performance, for disagreeing with the basis of the feedback, and for failing to take ownership of the feedback.

76.     Gangiredla blamed Plaintiff for things outside his control and unjustly criticized his performance.

77.     On or about March 4, 2021, Syed placed Plaintiff on a Coaching Plan.

78.     Plaintiff's performance did not warrant a Coaching Plan.

79.     On or about March 22, 2021, in an email to Patel, copying Gangiredla, Syed, Duenas, and Alex Irwin (human resources) Plaintiff complained of race and national origin discrimination and retaliation because of his complaints of sex discrimination.

80.     Shortly thereafter, in a phone call with Patel, Duenas, and Irwin, Patel aggressively told Plaintiff that he had not been denied anything nor had anything been taken away from hm. Patel claimed that Defendants' actions against Budd were appropriate.

81.     During the course of Plaintiff's Coaching Plan, Syed provided misleading direction and intentionally withheld feedback on Plaintiff's assigned projects.

82.     On August 3, 2021, in an email to Syed, copying Irwin, Plaintiff resigned and stated the following:

> Please be advised I am providing my notice of resignation effective August 13, 2021. My reason for resignation is the race and national origin discrimination and retaliation to which I have been subjected, unsatisfactory response to my raising this issue within the organization, and the continued dishonesty and misdirection that has occurred since. Accordingly, due to this treatment I cannot continue to work at Amazon due to the emotional duress under which this has placed me.

83.     Plaintiff's race; his national origin; his complaints of race and/or national origin discrimination; and his complaints of sex discrimination and subsequent retaliation were each motivating and/or determinative factors in Defendants' discriminatory and retaliatory treatment of him, including without limitation failing to promote him to Senior Regional Manager; placing him on a Coaching Plan; removing his job duties, and removing his direct reports.

84.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I – Title VII**

85.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

86.    Defendants discriminated against Plaintiff because of his race (Caucasian) and his national origin (American).

87.    Defendants retaliated against Plaintiff for complaining about the race and/or national origin discrimination to which he was subjected and the sex discrimination to which Defendants subjected a female employee.

88.    By committing the foregoing acts of discrimination and retaliation, Defendants have violated Title VII.

89.    Defendants acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

90.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

91.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

92.    No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

93.    Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

94.    Defendants discriminated against Plaintiff on the basis of his race in connection with the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship and in connection with the termination of the contractual relationship, in violation of 42 U.S.C. §1981.

11

95.     Defendants retaliated against Plaintiff for complaining about the race discrimination to which he was subjected.

96.     Defendants acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

97.     As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

98.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

99.     No previous application has been made for the relief requested herein.

**COUNT III**
**VIOLATION OF THE NJLAD**

100.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

101.    Defendants intentionally discriminated against Plaintiff because of his race (Caucasian) and his national origin (American).

102.    Defendants retaliated against Plaintiff for complaining about the race and/or national origin discrimination to which he was subjected and the sex discrimination to which it subjected a female employee.

103.    Defendants have violated the LAD by committing the foregoing acts of discrimination and retaliation against Plaintiff.

104.    Defendants' violations of the LAD were intentional and willful and warrant the imposition of punitive damages.

12

105.    Members of Defendants' upper management had actual participation in, and/or willful indifference to, Defendants' discriminatory and retaliatory conduct described herein, and their conduct warrants the imposition of punitive damages against Defendants.

106.    As a direct and proximate result of Defendants' discriminatory and retaliatory conduct in violation of the LAD, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

107.    Plaintiff is now suffering and will continue to suffer irreparable injuries, including monetary damages, past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering as a result of Defendants' discriminatory conduct unless and until the Court grants the relief requested herein.

108.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Patrick McHugh, and against Defendants:

a)    declaring the acts and practices complained of herein to be in violation of Title VII;

b)    declaring the acts and practices complained of herein to be in violation of Section 1981;

c)    declaring the acts and practices complained of herein to be in violation of the LAD;

d)    enjoining and restraining permanently the violations alleged herein;

e)    awarding damages to Plaintiff for the past and future economic losses that he has suffered;

f)    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g)      awarding punitive damages to Plaintiff;

h)      awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

i)       granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated:  July 27, 2022            BY:   _____

Daniel S. Orlow, Esq.
Laura Mattiacci, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
Attorneys for Plaintiff, Patrick McHugh

# Exhibit A

| CHARGE OF DISCRIMINATION | | AGENCY<br>Ꝺ FEPA<br>**X** EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Patrick McHugh** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(419) 450-9031 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Pennsauken, NJ 08109 | DATE OF BIRTH<br>███ /1982 |
|---|---|---|

| NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below) | | |
|---|---|---|
| NAME<br>**Amazon.com Services LLC**<br>**Amazon.com Services, Inc.**<br>**Amazon.com Dedc LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(206) 266-1000 |
| STREET ADDRESS<br>202 Westlake Avenue N. | CITY, STATE AND ZIP<br>Seattle, WA 98109 | COUNTY<br>King |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>**X** Race  Ꝺ Color  Ꝺ Sex  Ꝺ Religion  **X** National Origin<br>**X** Retaliation  Ꝺ Age  Ꝺ Disability  Ꝺ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  4/16/2021 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondents on or about September 9, 2013.  I currently hold the position of Senior Manager of Program Management for Launch Operations.  I currently report to Naveed Syed (Indian[a]), Senior Regional Manager.  Syed reports to Bimal Patel (Indian), Director.  I work out of my home office in New Jersey.

Respondents failed to promote me because of my race and/or national origin, and instead selected a less qualified, Indian candidate.  Respondents placed me on an unwarranted Coaching Plan because of my complaints of sex discrimination on behalf of a female employee.  Respondents have failed to remedy or prevent the race, national origin, and sex discrimination and retaliation.

I consistently demonstrate dedication to Respondents.  I perform my duties in a highly competent manner and received positive performance reviews.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date: 4/21/21       Charging Party *(Signature)*: | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

[a] All national origins herein are to the best of my knowledge and belief.

1

EEOC Charge of Discrimination
Initials of Charging Party –

2.      Harm Summary

I have been discriminated against because of my race (white) and national origin (United States), and retaliated against because of my sex discrimination complaints.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  Before reporting to Syed, I reported to Patrick Goodwin (United States), Senior Manager.

(b)  Before his transfer on February 17, 2021, I reported indirectly to Karthik Gangiredla (Indian), Director.

(c)  In or about November 2019, Respondents hired Syed, and I was told that Syed would be assigned to report to me.

(d)  On June 16, 2020, in a meeting with and document sent to Gangiredla, I expressed my interest in the open, newly created Senior Regional Manager position.  The position was not posted.  If the position had been posted, I would have applied for it.  I was qualified for the position.

(e)  Goodwin told me that he supported my being promoted.

(f)  During July 2020, I was asked and responded to a series of questions regarding my interest in and qualifications for the open Senior Regional Manager position.

(g)  On September 17, 2020, in a phone call with Gangiredla, Respondents failed to promote me to the open Senior Regional Manager position.  Instead of promoting me, Respondents promoted Syed (Indian).  I was more qualified for the position than the Indian employee who was selected.  The stated reason was that Syed was the preferable candidate for the position.

(h)  I had more years of service at Respondents, had more time on the team, had more time at my level, launched more buildings, had more leadership experience, had more team members recruited, had more direct reports, had less team attrition, and had more program-wide initiatives than Syed.

(i)  Respondents failed to promote me because of my race and/or national origin.

(j)  I was told that Gangiredla made the decision not to promote me, and that Goodwin was not informed, until after I was informed, that I was not being promoted.

(k)  Goodwin told me that he thought I should have been promoted to the Senior Regional Manager position.

(l)  Goodwin told me that he could not continue working under Gangiredla and Patel, and was pursuing an internal transfer.  He told me that he thought that, if he remained, he would be at risk of receiving an unwarranted Least Effective performance rating.

(m) After Respondents failed to promote me, Gangiredla ignored me, substantially limited his communication with me, and excluded me from communications related to my job duties.

(n)  Gangiredla repeatedly moved or cut short scheduled one-on-one meetings I had with him.

**EEOC Charge of Discrimination**
**Initials of Charging Party**

(o)  On September 20, 2020, in a phone call with Patel, I asked him why I was not promoted to the open Senior Regional Manager position. He stated that he would look into it and get back to me.

(p)  I received no response to my question or further information regarding Respondents' failure promote me to the Senior Regional Manager position.

(q)  On September 28, 2020, in a phone call with Syed, he told me that he was surprised to have been promoted to the Senior Regional Manager position. He told me that he had anticipated reporting to me. He stated that he assumed that I would be the leader for the region under the new alignment, especially because of the large workload I had carried. Syed told me that, if he were in my shoes, he would look for another position outside this team.

(r)  On October 1, 2020, I began reporting to Syed.

(s)  Syed was assigned a portion of my job duties and direct reports.

(t)  My direct reports were reduced from fourteen (14) to four (4).

(u)  Certain job duties that I had been managing were removed from me and given to Syed.

(v)  I assisted in providing Syed with information and insight for his position.

(w)  On November 16, 2020, in a phone call with Gangiredla, by his tone and the questions he was asking me, I understood him to be gauging whether I would be staying or leaving his team.

(x)  On November 16, 2020, following the above, in a phone call with Syed, he asked about my phone call with Gangiredla, and I understood him to be gauging whether I would be staying or leaving the team.

(y)  On January 13, 2021, Gangiredla unjustly criticized my direct report, Kathryn Budd (female, United States), blamed her for issues outside of her control, and indicated that she would be given a negative performance rating. I explained what I had observed of Budd's performance, as her direct supervisor, and why she should not be criticized or given a negative performance.

(z)  On January 14, 2021, Syed told me that Budd was being given a Least Effective performance rating. I stated that this decision could have legal ramifications for Respondents. I again explained what I had observed of Budd's performance, as her direct supervisor, and why she should not be criticized or given a negative performance. Syed stated that Gangiredla and Jessica Duenas, Human Resources, were in support of giving Budd a Least Effective performance rating.

(aa) On January 19, 2021, in a phone call with Syed, I complained of sex discrimination in connection with the treatment of Budd (female). I complained that Respondents were unjustly issuing Budd a Least Effective performance rating because she is female, and that could have legal ramifications for Respondents. I stated that, as her direct supervisor, I had a good understanding of her performance, and that her performance did not warrant a Least Effective performance rating.

(bb) Respondents failed to investigate my sex discrimination complaints.

(cc) Respondents failed to remedy or prevent the sex discrimination.

EEOC Charge of Discrimination
Initials of Charging Party

(dd) On February 1, 2021, in a phone call with Syed and Duenas, I was asked, in an accusatory tone, why Budd had requested a transfer.  I stated that I had not known that she had requested an internal transfer, and that I had not spoken with her regarding the same.  I was told to place Budd on a Coaching Plan, which would prevent her internal transfer.

(ee) On February 3, 2021, in a phone call with Budd, I told Budd, as I was instructed to do, that her performance did not meet expectations for the prior year and, subject to approval by Human Resources, she would be placed on a Coaching Plan.  I told her that Respondents would prevent her from pursuing an internal transfer.

(ff)  On February 3, 2021, following the above, in a phone call with Syed, he unjustly criticized my performance, and told me that I did not meet performance expectations for 2020.  My performance did not warrant negative feedback and criticism.  Syed made numerous false statements and misrepresentations in his generalized feedback to me.  When I asked for specifics, Syed was unable to provide any.  He stated that he would have to speak with Gangiredla for details.

(gg) Before I complained of sex discrimination, I had not received any indication that Respondents found my performance deficient.

(hh) On February 5, 2021, in a phone call with Goodwin, I asked him if I had not met expectations in 2020 while reporting to him.  He was adamant that I had met expectations, and that I had not failed to perform.  Goodwin was surprised and angry when I stated that Syed had told me that I did not meet performance expectations for 2020.

(ii)  On February 18 and 23, 2021, in phone calls with Duenas, I stated that I did not understand how I went from promotion track to not meeting expectations in a matter of months, and that I had received no negative feedback throughout the year.  I stated that, despite my requests, I had not received any specifics regarding my alleged performance issues, and that Syed made numerous false statements and misrepresentations in his generalized feedback to me.  Duenas asked me to be patient with Syed because he was trying hard.

(jj)  On March 2, 2021, in a phone call with Gangiredla, he criticized me for requesting specific feedback regarding my performance, for disagreeing with the basis of the feedback, and for failing to take ownership of the feedback.  Gangiredla blamed me for things outside my control and unjustly criticized my performance.

(kk) On March 4, 2021, in a phone call with Syed, I was placed on a Coaching Plan.  My performance did not warrant a Coaching Plan.

(ll)  Respondents placed me on a Coaching Plan because of my sex discrimination complaints.

(mm)   On March 22, 2021, in an email to Patel, copying Gangiredla, Syed, Duenas, and Alex Irwin, Human Resources Business Partner, I complained of race and national origin discrimination and retaliation because of my sex discrimination complaints.  I complained:

> I am writing to you because I am still disturbed by what transpired in September with the organizational move and decision to promote Naveed into a regional leadership role instead of me. The explanation I received at the time I was informed lacked substance and was bereft of any preceding performance feedback. In fact, due to work requests and communication coming to me from Karthik Gangiredla (not to

EEOC Charge of Discrimination
Initials of Charging Party

mention his request for me to initiate my own promotion document), and feedback from my direct manager that I was trending to the next level, I justifiably was led to believe I would be assuming regional leadership responsibilities. Given past statements made regarding Naveed reporting directly to me, my promotion track, larger scope of responsibility and longer tenure with company/organization/in-level, I can only conclude that the decision was ultimately made to promote Naveed instead of me based on racial preferences or national origins, on which basis I was discriminated against.

Additionally, I am greatly concerned by the ongoing retaliatory actions I have been subjected to since voicing my opposition to and raising concerns of discriminatory judgment being leveraged against a female employee. In essence, by stepping outside the company's performance management criteria and targeting a female startup manager's performance evaluation for a higher-level male construction manager's poor work, I believe the company discriminated against the female employee based on her sex.

Following my objection to the company's sex discriminatory conduct against this female employee, I was informed on February 3rd that I did not meet the performance bar for 2020. This was unfair, unjustified, and retaliatory. Consistently shifting feedback, unclear performance criteria, and a lack of a clear action plan further highlight the retaliatory nature of this performance evaluation and coaching plan. The ongoing feedback which asserts misses in performance on my part has tenuous applicability and questionable veracity as well. Due to the timing and evident shoddy preparation, along with Naveed himself acknowledging he did not provide feedback until February 2021, it appears abundantly clear to me that this has transpired in bad faith, in response to my objecting to sex discrimination that took place in OLR.

(nn) On March 22, 2021, in a response email from Duenas, she stated the following: "I want to make sure we are addressing all of your concerns appropriately, Bimal will be looking to schedule some time with us so that you can share some of the specifics on what you feel has added to this. In the interim I've asked our Central Investigations team to sync with you directly so you should be hearing from them in the next few days."

(oo) On March 22, 2021, in a phone call with Patel, Duenas, and Irwin, in an aggressive tone, I was told that I was already in the position that I was promised, and that I have not been denied anything or had anything taken from me. I was told that the action against Budd was appropriate. Respondents did not deny race, national origin, or sex discrimination or retaliation.

(pp) I have not received any further communication from Respondents regarding my race, national origin, and sex discrimination and retaliation complaints.

(qq) Before I complained of sex discrimination, I had no performance or disciplinary issues.

(rr) Before I complained of sex discrimination, I had no indication that my job was in jeopardy.

(ss) Respondents failed to promote me to an open position for which I was qualified and in which I had expressed interest because of my race and/or national origin.

EEOC Charge of Discrimination
Initials of Charging Party

(tt)  Respondents placed me on a Coaching Plan because of my sex discrimination complaints on behalf of a female employee.

(uu) Due to the Coaching Plan, I was denied a salary increase and restricted stock unit grant.

(vv) Respondents failed to remedy or prevent the race and/or national origin and/or sex discrimination and/or retaliation at Respondents.

(ww)     Respondents' race and national origin discrimination and retaliation have caused me emotional distress.

(xx) I am aware of other white employees with United States national origin who have been pushed out of the team under Patel and Gangiredla.


B.     1.     Respondents' Stated Reasons

(a)     Respondents' stated reason for placing me on a Coaching Plan, that I did not meet performance expectations, is pretext for retaliation based on my sex discrimination complaints.

(b)     Respondents' stated reason for failing to promote me to the Senior Regional Manager position, for which I was qualified and in which I had expressed interest, that Syed was the preferable candidate for the position, is pretext for race and/or national origin discrimination.

(c)     Respondents provided no explanation for failing to remedy or prevent the race, national origin, and sex discrimination and retaliation, of which I complained.


C.     1.     Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my race (white) and national origin (United States), and retaliated against me based on my sex discrimination complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq*. ("NJLAD") as set forth herein.

# Exhibit B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Mr. Patrick McHugh** | From:  **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-03013** | **Legal Unit** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
05/06/2022

Enclosures(s)

**Karen McDonough**
**Enforcement Manager**

cc:   Neil Alexander
      **AMAZON.COM, INC.**
      amazon@littler.com

      Nancy Glace
      **CONSOLE MATTIACCI LAW, LLC**
      glace@consolelaw.com
      Emily R Derstine Friesen
      **CONSOLE MATTIACCI LAW, LLC**
      derstinefriesen@consolelaw.com